Eric D. Virshbo
MacMillan, Scholz, and Marks, P.C.
900 SW Fifth Avenue, Suite 1800
Portland, OR 97232
Office: (503) 224-2165
Facsimile: (503) 224-0348
Email: evirshbo@msmlegal.com
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE

| | |
|---|---|
| FARMERS INSURANCE COMPANY OF OREGON, as subrogee of John Blankenship, Charlotte Blankenship, and Kraemer Kaison,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES POSTAL SERVICE,<br><br>Defendant. | Case No.:<br><br>COMPLAINT<br>(Negligence) |

Plaintiff alleges:

**CLAIM FOR RELIEF**

(Negligence-Personal Injury)

1.

This action is brought pursuant to Federal Tort Claims Act, 28 U.S.C. §2671, and 28 U.S.C. §1346(b). Venue is properly within this District under 28 U.S.C. § 1402(b) as the acts complained of occurred in the District of Oregon.

2.

At all material times, Dearborne Avenue and River Road, were and are now, dedicated public roadways in the City of Salem, County of Marion, State of Oregon.

Page 1 – COMPLAINT (Negligence)

3.

On or about November 26, 2019, plaintiff's insured, John Blankenship, was the owner of and Charlotte Blankenship was the operator of a 20087 Honda Civic, with Kraemer Kaison as a passenger. Defendant United States Postal Service ("USPS") the owner and Roger Thornburgh ("Thornburgh") was the operator of a mail delivery truck.

4.

On or about November 26, 2019, Charlotte Blankenship and Thornburgh were operating their vehicles at the intersection of Dearborne Avenue and River Road. At said time, Thornburgh, while acting within the course and scope of his employment with USPS, did so negligently operate USPS's vehicle so as to cause it to collide with John Blankenship's vehicle, and causing personal injury to Charlotte Blankenship and Kramer Kaison.

5.

USPS is vicariously liable for the negligence of Thornburgh because he was acting within the course and scope of his employment with defendant USPS at the time of the collision.

6.

The direct cause of the aforementioned collision and resulting damage was the negligence of defendant in one or more of the following particulars:

(a) In failing to maintain a proper or any lookout for other vehicles on the public roadway;

(b) In failing to maintain proper control or any control over his vehicle;

(c) In operating his vehicle at a speed which was unreasonable under the circumstances then and there existing; and

(d) In attempting to perform a left turn when it was not safe to do so.

///

MACMILLAN, SCHOLZ & MARKS, P.C.
ATTORNEYS AT LAW
900 S.W. FIFTH AVENUE, SUITE 1800
PORTLAND, OREGON 97204
TELEPHONE (503) 224-2165

7.

As a reasonably foreseeable result of defendant's negligence and the resulting collision, Charlotte Blankenship suffered injuries to her neck and back.

8.

Prior to the accident set forth above, plaintiff had issued to John Blankenship, as its insured, a policy of automobile insurance. Pursuant to the terms of the aforementioned insurance policy, plaintiff was obligated to pay, and did pay, personal injury protection benefits to or on behalf of Charlotte Blankenship in the sum of $8,371.98. The sums paid by plaintiff were reasonable and necessary.

9.

As a reasonably foreseeable result of defendant's negligence and the resulting collision, Kraemer Kaison suffered injuries.

10.

Prior to the accident set forth above, plaintiff had issued to John Blankenship, as its insured, a policy of automobile insurance. Pursuant to the terms of the aforementioned insurance policy, plaintiff was obligated to pay, and did pay, personal injury protection benefits to or on behalf of Kramer Kaison in the sum of $11,565.31. The sums paid by plaintiff were reasonable and necessary.

11.

Plaintiff is hereby subrogated to all rights of its insured against defendant for personal injury protection benefits to the extent of its payments.

///

///

///

///

Page 3 – COMPLAINT (Negligence)

1  WHEREFORE, plaintiff prays for judgment against defendants as follows:

2  (a)  For plaintiff's Claim for Relief, the sum of $19,937.29; and

3  (b)  For plaintiff's costs and disbursements incurred herein, and such other relief as

4  the Court deems proper.

5  DATED this <u>Wednesday, November 24, 2021</u>.

6                                    MacMILLAN, SCHOLZ & MARKS, P.C.

8  By: */s/ Eric D. Virshbo*
   ERIC D. VIRSHBO,  #021078
9  evirshbo@msmlegal.com
   of Attorneys for Plaintiff

Page 4 – COMPLAINT (Negligence)